UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-20034-CR-Seitz

UNITED STATES OF AMERICA,

Plaintiff,

v.

LARRY E. HELMS,

Defendant.
_______________________________/

PLEA AGREEMENT

The United States of America and LARRY E. HELMS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Information, which count charges the defendant with knowingly and willfully conspiring to defraud the United States by impeding and impairing the Internal Revenue Service, U.S. Department of the Treasury, in the ascertainment, computation, assessment and collection of income taxes, in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range

that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.00 and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed upon him. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. Defendant has advised the United States of his intention to relocate to Costa Rica following the entry of his guilty plea. The United States agrees that it has no objection to the defendant traveling to and or relocating to Costa Rica. The United

States further agrees that it has no objection to defendant serving in Costa Rica any term of probation or supervised release imposed by the Court.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However, the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by:

(a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding; and

(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

10. The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in paragraph 9 of this agreement should the

government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

11. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a. Loss: That the relevant amount of actual, probable or intended loss under Section 2T4.1 of the Sentencing Guidelines resulting from the offense committed in this case is approximately $106,960.00.

b. Overall adjusted guideline range: That the applicable guideline range under all of the circumstances of the offense committed by the defendant is Level 13.

12. The United States and the defendant agree that for purposes of computing the applicable Sentencing Guidelines advisory sentence, that the defendant's efforts to evade individual income tax due the United States did not involve "sophisticated means" within the meaning of the Sentencing guidelines.

13. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to his 2001 through 2007 income tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in his possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of his individual tax liabilities concerning

any of the tax years in question.

14. The defendant agrees to prepare draft amended individual and corporate income tax returns for the tax years 2001 through 2007, by no later than the time of his sentencing. The defendant also agrees to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties on his individual liabilities for tax years 2001 through 2007. The defendant agrees that the taxes due and owing to the IRS, excluding interest and penalties, for the tax years 2001 through 2007 are, at least, as follows:

| Year | Individual Taxes | Corporate Taxes | Total Taxes Due and Owing |
|---|---|---|---|
| 2001 | $0 | $2,828 | $2,828 |
| 2002 | $12,715 | $0 | $12,715 |
| 2003 | $8,998 | $0 | $8,998 |
| 2004 | $11,066 | $0 | $11,066 |
| 2005 | 9,410 | $34,630 | $44,040 |
| 2006 | $1,817 | $17,175 | $18,992 |
| 2007 | $8,321 | $0 | $8,321 |
| **TOTAL:** | **$52,327** | **$54,633** | **$106,960** |

The defendant further agrees that nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

15. Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court for the Southern District of Florida. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

A. Defendant's name and Social Security number;
B. The District Court docket number assigned to this case;

C. Tax year(s) or period(s) for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

16. Defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the Internal Revenue Service at the following address: IRS-RACS, Attention: Mail Stop 6261, Restitution, 333 W. Pershing Avenue, Kansas City, MO 64108. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at that address.

17. The defendant agrees that any statements made by him to the IRS or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal tax proceeding arising out of the above-styled matter and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by him in this agreement.

18. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this

plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. The defendant is aware that the sentence has not yet been determined by the court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a

sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

20. The United States and the defendant agree that the Sentencing Guidelines and Policy Statements effective November 1, 2000, are applicable in this case.

21. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO FERRER
UNITED STATES ATTORNEY

Date: 1/25/11

By: Gregory Tortella (by Mitch Bober)
GREGORY E. TORTELLA
SPECIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

Date: 1/25/11

By: Mitch Bober
MITCHELL S. BOBER
SPECIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

Date: 1/25/11

By:
RALPH CACCIA
ATTORNEY FOR DEFENDANT

Date: 1/25/11

By:
LARRY E. HELMS
DEFENDANT



5944108.1